UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
DEC 21 2016

| | |
|---|---|
| FIRST DAKOTA NATIONAL BANK,<br><br>Plaintiff,<br><br>vs.<br><br>JEROME N. RUBA, a/k/a JERRY RUBA,<br><br>Defendant. | 4:16-CV-04007-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT |
| JEROME N. RUBA, a/k/a JERRY RUBA,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>FIRST DAKOTA NATIONA BANK,<br><br>Counterclaim Defendant. | |
| JEROME N. RUBA, a/k/a JERRY RUBA,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>BAILEY RIDGE PARTNERS, LLC; JACK GRUBB; NICOLE GRUBB-NEARMAN; JASON GRUBB; GRUBB FAMILY PARTNERSHIP; FLOYD C. DAVIS; VERLYN NAFE; FRANK MANTHEI; and PAUL ENGLE,<br><br>Third-Party Defendants. | |

On December 16, 2016, this Court conducted a motion hearing on the pending motions in this case and explained how it intended to rule on certain motions. This opinion and order formalizes and explains this Court's ruling on the pending motion for partial summary judgment.

Third-party plaintiff Jerry Ruba sued third-party defendant Bailey Ridge Partners, LLC (Bailey Ridge) for, among other things, breaching a promissory note. Doc. 10. Because there are no questions of material fact and Ruba is entitled to judgment as a matter of law, this Court grants Ruba's motion for summary judgment on his claim that Bailey Ridge breached the promissory note.

I.      Facts

In March 2011, Bailey Ridge gave Ruba a promissory note in the amount of $664,581.30 in exchange for an account receivable held by Ruba in the same amount. Doc. 30 at ¶ 3; Doc. 31 at 3. Ruba delivered and assigned the account receivable to Bailey Ridge. Doc. 30 at ¶ 6. Bailey Ridge was capable of contracting with Ruba, and its president Nicole Grubb-Nearman properly executed the promissory note. Doc. 30 at ¶¶ 4, 5.

The promissory note required Bailey Ridge to make payment in full by March 24, 2014. Doc. 30 at ¶ 8; Doc. 31 at 3. Although Bailey Ridge made two small payments on the promissory note, it failed to fully pay the note by March 24, 2014. Doc. 30 at ¶¶ 9, 10; Doc. 70-1. Despite Ruba's demands on Bailey Ridge to make payment, Bailey Ridge remains in default under the promissory note. Doc. 30 at ¶¶ 11, 12.

In January 2016, First Dakota National Bank (First Dakota) sued Ruba in this Court for allegedly failing to pay First Dakota money Ruba owed under a promissory note. Doc. 1. Ruba filed an answer asserting that the promissory note was part of a larger loan package between him, First Dakota, Bailey Ridge, and Bailey Ridge's members. Doc. 7. Ruba also filed a first-

amended third-party complaint against Bailey Ridge and its members Jack Grubb, Nicole Grubb-Nearman, Jason Grubb, the Grubb Family Partnership, Floyd C. Davis, Verlyn Nafe, Frank Manthei, and Paul Engle. Doc. 10.

On June 20, 2016, Ruba moved for partial summary judgment on Count III of his first-amended complaint, which alleged that Bailey Ridge had breached the promissory note. Doc. 28. Bailey Ridge initially opposed the motion under Federal Rule of Civil Procedure 56(d), arguing that it was unable to fully respond to Ruba's statement of undisputed material facts because the parties were not scheduled to exchange initial disclosures until July 22, 2016, and because it had yet to depose Ruba. Docs. 35–38. The deadline for initial disclosures has passed. At the motion hearing, the parties acknowledged that Ruba had been deposed and that the third-party defendants, including Bailey Ridge, had received notice of the taking of Ruba's deposition.

On October 3, 2016, the attorney for Bailey Ridge and its members moved to withdraw, claiming that Bailey Ridge was failing to communicate with him. Doc. 53. Bailey Ridge's attorney filed an amended motion to withdraw on October 27, 2016, Doc. 55, after this Court denied the initial motion for failure to comply with the local rules, Doc. 54. The Bailey Ridge attorney averred that he had made multiple attempts to communicate with Bailey Ridge and its members in an attempt to comply with this Court's June 29, 2016 scheduling order, but Bailey Ridge and its members had been uncooperative. Doc. 55. The attorney further averred that Bailey Ridge and its members were aware of the motion to withdraw and had no objections to it. Doc. 55.

This Court issued an order on November 16, 2016, granting the attorney's motion to withdraw as counsel for Bailey Ridge and its members. Doc. 61. The order cautioned Bailey Ridge and its members to hire counsel and reminded them that a corporate entity cannot proceed

pro se.[1] The order noted that there are two pending motions in this case—Ruba's motion for summary judgment on Count III of his first-amended third-party complaint and Ruba's motion to compel discovery responses—and explained that this Court would likely grant the motions if Bailey Ridge and its members did not participate in the hearing this Court planned on holding in December 2016.

The hearing took place on December 16, 2016. First Dakota, Ruba, and Verlyn Nafe appeared through counsel while Jason Grubb, Nicole Grubb-Nearman, Jack Grub, Paul Engle, and Floyd C. Davis appeared pro se by telephone. Bailey Ridge and the Grubb Family Partnership were unrepresented by counsel and Frank Manthei did not appear at all. This Court explained that it would grant Ruba's motion for summary judgment once Ruba filed an updated affidavit establishing the amount Bailey Ridge currently owes on the promissory note. Ruba filed an affidavit showing that as of December 16, 2016, Bailey Ridge owes $851,271.59 under the promissory note. Doc. 70 at 2.

## II. Discussion

Ruba complied with Local Rule 56.1(A) of the Civil Local Rules of Practice of the United States District Court for the District of South Dakota by filing a statement of material facts along with his motion for summary judgment. Doc. 30. Local Rule 56.1(B) requires the party opposing a motion for summary judgment to "respond to each numbered paragraph in the moving party's statement of material facts with a separately numbered response and appropriate citations to the record." D.S.D. Civ. LR 56.1(B). All material facts set forth by the moving

---

[1] A corporation is technically in default on the date its counsel is permitted to withdraw unless substitute counsel has entered an appearance. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir.1996). This rule also applies to partnerships and limited liability corporations. Tinker & Chance v. Zowie Intertainment, Inc., 15 F. App'x 827, 828 (Fed.Cir.2001) ("All artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney.").

party are deemed admitted "unless controverted by the opposing party's response to the moving party's statement of material facts." D.S.D. Civ. LR 56.1(D). Rule 56 of the Federal Rules of Civil Procedure contains a similar provision, stating that when a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2).

Rather than responding to Ruba's statement of material facts as required by Local Rule 56.1(B) and Federal Rule of Civil Procedure 56(c), Bailey Ridge asked that Ruba's motion be denied or continued under Rule 56(d) until it could complete discovery. Docs. 35–38. Bailey Ridge made a general assertion that discovery would show genuine disputes of material fact. Doc. 36 at 4; Doc. 38 at 13. Rule 56(d) allows a court to defer considering or deny a motion for summary judgment if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Here, Bailey Ridge claimed over five months ago that it could not properly respond to Ruba's statement of material facts because there had been no discovery or deposition of Ruba. Docs. 36-38. There now has been discovery and a deposition in the case of Ruba. Bailey Ridge has been unrepresented for over a month and has not given any indication of any genuine dispute of material fact.[2] This Court denies Bailey Ridge's request for relief under Rule 56(d) because Bailey Ridge has failed to diligently pursue discovery, failed to secure counsel, and failed to offer anything other than vague assertions that additional discovery will show that there are

---

[2] Instead, the individual defendants, purporting to act on Bailey Ridge's behalf, emailed the clerk of court just minutes before the December 16 hearing asking this Court for an additional sixty days to respond to Ruba's motion for summary judgment. None of the individual defendants are attorneys and thus none can be legal counsel for Bailey Ridge. The motion for partial summary judgment seeks relief only on the claim against Bailey Ridge. This Court allowed each individual defendant to participate by telephone in the hearing. None sought to identify any genuine issue of material fact on Count III of the first-amended third-party complaint.

disputes of material fact. See United States v. Bob Stofer Oldsmobile-Cadillac, Inc., 766 F.2d 1147, 1153 (7th Cir. 1985) ("A party who has been dilatory in discovery may not use Rule 56[d] to gain a continuance where he has made only vague assertions that further discovery would develop genuine issues of material fact."); 10B Charles Alan Wright et al., Federal Practice and Procedure § 2741 (4th ed.) ("[A] request for relief under Rule 56(d) is extremely unlikely to succeed when the party seeking the delay had failed to take advantage of discovery.").

Because Bailey Ridge failed to properly respond to Ruba's statement of material facts, this Court deems those facts to be undisputed. The only remaining question is whether the undisputed facts show that Ruba is entitled to judgment as a matter of law on Count III of his first-amended third-party complaint. See Fed. R. Civ. P. 56(a) (explaining that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). The undisputed facts show that Bailey Ridge agreed to repay Ruba the $664,581.30 plus interest when its president Nicole Grubb-Nearman signed the promissory note, that Bailey Ridge has failed to fully repay this amount by March 24, 2014 as promised, and that as of December 16, 2016, Bailey Ridge owes Ruba $851,271.59 under the promissory note. Bailey Ridge has not established any defenses to payment or raised any questions about the validity of the promissory note. Under these circumstances, Ruba is entitled to judgment as a matter of law on Count III of his first-amended third-party complaint. See Iowa Mortg. Ctr., LLC v. Baccam, 841 N.W.2d 107, 112–113 (Iowa 2013); First Nat'l Bank v. Felt, 368 N.W.2d 588, 591 (S.D. 1985).

### III. Conclusion

For the reasons explained above, it is hereby

ORDERED that Ruba's Motion for Partial Summary Judgment, Doc. 28, is granted. It is further

ORDERED that summary judgment enters against Bailey Ridge for $851,271.59 through December 16, 2016.

DATED this 21st day of December, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE